

**FELONY**

**SEALED**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

INDICTMENT FOR CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN, SEX TRAFFICKING OF CHILDREN, COERCION AND ENTICEMENT OF AN INDIVIDUAL TO TRAVEL TO ENGAGE IN PROSTIUTION, COERCION AND ENTICEMENT OF A MINOR TO ENGAGE IN ILLEGAL SEXUAL ACTIVITY, AND NOTICE OF FORFEITURE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 11-241 |
| v. | * | SECTION: SECT. I. MAG. 3 |
| BENSON CORIOLANT (a/k/a/ "Haiti") | * | VIOLATION: 18 U.S.C. § 2 |
| | * | 18 U.S.C. § 1591 |
| | | 18 U.S.C. § 1594 |
| | * | 18 U.S.C. § 2422(a) |
| | | 18 U.S.C. § 2422(b) |
| | | 18 U.S.C. § 2428 |

\* \* \*

The Grand Jury charges that:

### COUNT 1 – CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN

A.  **AT ALL TIMES MATERIAL HEREIN:**

1.  **R.V.** is a juvenile female who was born on or about May 1, 1994, and who resided in the Orlando, Florida area.

2.  The defendant, **BENSON CORIOLANT** (a/k/a "Haiti") (hereinafter "CORIOLANT") is an adult male who was born on or about August 23, 1982, and who resided in the Orlando, Florida area.

3.  On or about April 24, 2010, law enforcement agents received information that a

minor, subsequently determined to be **R.V.**, was working as a prostitute out of a hotel located in Kenner, Louisiana. **R.V.** was arrested on or about April 24, 2010.

B. **THE CONSPIRACY:**

Beginning at a date unknown, but prior to on or about March 2010, and continuing until on or about April 24, 2010, within the Eastern District of Louisiana and elsewhere, the defendant, **BENSON CORIOLANT (a/k/a "Haiti")**, and others known and unknown to the Grand Jury, did combine, conspire, confederate, and agree to knowingly recruit, entice, transport, harbor, provide, obtain, and maintain by any means, a person, that is, **R.V.**, and to knowingly benefit financially from participating in a venture that recruited, enticed, transported, harbored, provided, obtained, and maintained by any means, **R.V.**, in and affecting interstate commerce, knowing and in reckless disregard of the fact that **R.V.** had not attained the age of 18 years and that **R.V.** would be caused to engage in a commercial sex act, as that term is defined by Title 18, United States Code, Section 1591(e)(3).

C. **OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY:**

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, **CORIOLANT** and others, committed various overt acts within the Eastern District of Louisiana and elsewhere, including, but not limited to, the following:

    1.    In or about 2009, **CORIOLANT** recruited **R.V.** to begin working for him as a prostitute. **CORIOLANT** required **R.V.** to turn over all, or most, of the money she earned from prostitution to **CORIOLANT** or to one of his co-conspirators, who would then give **CORIOLANT** the money.

    2.    As part of his business, **CORIOLANT** directed **R.V.** to operate on an "out call" basis, meaning that **R.V.** would meet the caller at his residence or at a hotel paid for by the

caller, and on an "in call" basis, meaning that the caller would meet **R.V.** at a hotel rented and paid for by **R.V.**, **CORIOLANT**, or one of **CORIOLANT'S** co-conspirators.

3. **CORIOLANT** instructed **R.V.** on, among other things, how much money to charge for particular sex acts, how to perform certain sex acts, what to do with the money she earned for performing commercial sex acts, methods to solicit potential clients to include where and how to solicit them, and how to ensure that a customer was not a member of law enforcement.

4. Beginning at a date unknown, but prior to on or about March 2010, and continuing until on or about April 24, 2010, **CORIOLANT,** or his co-conspirators acting at **CORIOLANT'S** direction, would transport **R.V.** to private residences, hotels, and other establishments, so that **R.V.** could engage in prostitution "calls."

5. On multiple occasions, **CORIOLANT** rented rooms at hotels, or arranged for his co-conspirators to rent rooms at hotels, in which **R.V.** would stay and engage in prostitution activities.

6. On multiple occasions, **CORIOLANT** provided **R.V.** with alcohol and/or illicit and mood-altering drugs, including 3,4-methylenedioxymethamphetamine (a/k/a/ "MDMA" or "Ecstasy"), as a means of numbing her senses, controlling her behavior, and/or as a means of encouraging **R.V.** to engage in acts of prostitution and keep her happy and therefore maintaining her as an employee, or as a reward for engaging in acts of prostitution.

7. **CORIOLANT** created, and taught **R.V.** how to create advertisements on an online classified ad service commonly used to advertise sexual services in exchange for money, through which **R.V.** received telephone calls and text messages inquiring about, scheduling, and arranging prostitution calls. **CORIOLANT** often used, and allowed to be used, his personal credit card to pay for **R.V.'s** prostitution advertisements.

8. Many of the advertisements for **R.V.** on the online ad service were posted under the category of "escorts." In truth and in fact, the advertisements were fronts for **CORIOLANT'S** illegal prostitution business.

9. On or about March 27, 2010, **CORIOLANT** arranged for **R.V.** to travel by commercial bus from Orlando, Florida, to the New Orleans, Louisiana area to work as a prostitute.

10. While **R.V.** was in New Orleans, **CORIOLANT** and his co-conspirators spoke regularly with **R.V.** over the telephone about **R.V.**'s prostitution activities. In particular, **CORIOLANT** directed her on what to charge, what to do with the profits, how to attract more business, how to avoid being apprehended by law enforcement, and how to advertise. In particular, they discussed advertisements that were posted on the online ad service between on or about March 29, 2010, and April 23, 2010. **CORIOLANT** also authorized the use of his credit card to pay for these advertisements and instructed **R.V.** on what to include in the advertisements.

11. **CORIOLANT** directed **R.V.** to transfer the vast majority of the funds she earned from prostitution in New Orleans to bank accounts controlled by co-conspirators of **CORIOLANT**. **CORIOLANT** instructed his co-conspirators to give **CORIOLANT** the money.

12. From on or about March 29, 2010, through on or about April 24, 2010, **R.V.** worked in the New Orleans, Louisiana area as a prostitute, performing numerous commercial sex acts.

13. On or about April 19, 2010, **CORIOLANT** spoke with **R.V.** via telephone, and they discussed that **R.V.** was then under the age of 18, and that **CORIOLANT** had been with her since she was fourteen or fifteen.

14. After **R.V.** was arrested, on or about April 25, 2010, **CORIOLANT** arranged for one or more of his co-conspirators to give money to **R.V.'s** parents to bring her back to Florida from Louisiana.

15. On or about April 26, 2010, **R.V.** was released into the custody of her parents, who had traveled from Florida to New Orleans to retrieve her.

16. Upon **R.V.'s** return to Florida, **CORIOLANT** arranged for **R.V.** to begin conducting prostitution calls again. In particular, he instructed her to be wary and to limit her calls only to "regulars."

17. On or about May 17, 2010, **CORIOLANT** again arranged with his co-conspirators for **R.V.** to travel to the New Orleans, Louisiana area to work as a prostitute, this time using the alias "Maryann Chavis." **CORIOLANT** arranged with his co-conspirators for **R.V.** to travel by commercial bus from the Orlando, Florida area to New Orleans.

18. Between on or about May 18, 2010, and May 21, 2010, at **CORIOLANT'S** direction, the online advertisements were created and posted on the online website advertising **R.V.'s** prostitution services by either **R.V.** or one of **CORIOLANT'S** co-conspirators. **CORIOLANT** allowed his personal credit card to be used to pay for many of these advertisements.

All in violation of Title 18, United States Code, Sections 1594(c).

## COUNT 2 – SEX TRAFFICKING OF CHILDREN

A. **AT ALL TIMES MATERIAL HEREIN:**

The allegations of Section A and C of Count 1 are hereby realleged and incorporated herein in their entirety.

B. **THE OFFENSE:**

From on or about March 29, 2010, to on or about April 24, 2010, in the Eastern District

5

of Louisiana, and elsewhere, the defendant, **BENSON CORIOLANT (a/k/a/ "HAITI")**, knowingly, in and affecting interstate commerce, recruited, enticed, transported, harbored, provided, obtained, and maintained, by any means, and attempted to recruit, entice, transport, harbor, provide, obtain, and maintain, **R.V.**, a person who had not attained the age of 18 years, and knew that the person would be caused to engage in a commercial sex act, as that term is defined by Title 18, United States Code, Section 1591(e)(3).

All in violation of Title 18, United States Code, Sections 1591(a) and 2.

### COUNT 3 – COERCION AND ENTICEMENT OF AN INDIVIDUAL TO TRAVEL TO ENGAGE IN PROSTITUTION

**A.   AT ALL TIMES MATERIAL HEREIN:**

The allegations of Sections A and C of Count 1 are hereby realleged and incorporated herein in their entirety.

**B.   THE OFFENSE:**

Between on or about March 29, 2010, and on or about April 24, 2010, in the Eastern District of Louisiana and elsewhere, **BENSON CORIOLANT (a/k/a/ "HAITI")**, knowingly persuaded, induced, enticed, and coerced, **R.V.** to travel in interstate commerce, that is, from Florida to Louisiana, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, to wit: LA Rev. Stat. 14:80 and LA Rev. Stat. 14:81.3, and aided and abetted such conduct.

All in violation of Title 18, United States Code, Sections 2422(a) and 2.

### COUNT 4 – COERCION AND ENTICEMENT OF A MINOR TO ENGAGE IN ILLEGAL SEXUAL ACTIVITY

**A.   AT ALL TIMES MATERIAL HEREIN:**

The allegations of Sections A and C of Count 1 are hereby realleged and incorporated herein in their entirety.

B.  **THE OFFENSE:**

Between on or about May 17, 2010, and on or about May 21, 2010, in the Eastern District of Louisiana and elsewhere, **BENSON CORIOLANT (a/k/a/ "HAITI")**, did knowingly use a facility of interstate commerce, to wit: a commercial bus, to persuade, induce, entice, and coerce, and attempt to persuade, induce, entice, and coerce, **R.V.**, an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, to wit: LA Rev. Stat. 14:80 and LA Rev. Stat. 14:81.3.

All in violation of Title 18, United States Code, Sections 2422(b) and 2.

## NOTICE OF FORFEITURE FOR SEX TRAFFICKING OF CHILDREN

1. The allegations of Counts 1 and 2 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 1594(d).

2. As a result of the offenses alleged in Counts 1 and 2, **BENSON CORIOLANT, a/k/a "Haiti"**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 1594(d), any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count 1 of this Indictment.

3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

  All in violation of Title 18, United States Code, Section 1594(d).

## NOTICE OF FOREFEITURE FOR COERCION AND ENTICEMENT

  1.  The allegations of Counts 3 and 4 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 2428.

  2.  As a result of the offenses alleged in Counts 2 and 3, **BENSON CORIOLANT, a/k/a "Haiti"**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 2428, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts 2 and 3 of this Indictment.

  3.  If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 2428.

A TRUE BILL:

_____
FOREPERSON

_____
JIM LETTEN
United States Attorney
Bar Roll No. 8517

_____
JAN MASELLI MANN
First Assistant United States Attorney
Bar Roll No. 9020

_____
JORDAN GINSBERG
Assistant United States Attorney
Illinois Bar No. 6282956

_____
BRIAN M. KLEBBA
Assistant United States Attorney
New York Bar No. 2938728

New Orleans, Louisiana
September 22, 2011

9

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

__Eastern__ District of __Louisiana__

__Criminal__ Division

# THE UNITED STATES OF AMERICA

vs.

## BENSON CORIOLANT a/k/a "Haiti"

# INDICTMENT

INDICTMENT FOR CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN, SEX TRAFFICKING OF CHILDREN, COERCION AND ENTICEMENT OF AN INDIVIDUAL TO TRAVEL TO ENGAGE IN PROSTIUTION, COERCION AND ENTICEMENT OF A MINOR TO ENGAGE IN ILLEGAL SEXUAL ACTIVITY, AND NOTICE OF FORFEITURE

VIOLATIONS:
18 U.S.C. § 2
18 U.S.C. § 1591
18 U.S.C. § 1594
18 U.S.C. § 2422(a)
18 U.S.C. § 2422(b)
18 U.S.C. § 2428

A true bill.

_____
Foreperson

Filed in open court this _____ day, of _____ A.D. 2011.

_____
Clerk

Bail $ _____

Jordan Ginsberg
JORDAN GINSBERG
Assistant United States Attorney