## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 11-241** |
| **BENSON CORIOLANT** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by Benson Coriolant to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government opposes[2] the motion.

For the foregoing reasons, the Court concludes that an evidentiary hearing is not required, Coriolant's motion is **DENIED**, and his post-conviction application is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On September 20, 2012, Coriolant was convicted by a jury on all counts of a 4-count superseding indictment related to his role in a multi-state sex trafficking operation involving R.V., a female minor who Coriolant directed to engage in prostitution for Coriolant's personal financial gain.[3] Count 1 charged that Coriolant conspired to commit sex trafficking of R.V. for knowing financial benefit in violation of 18 U.S.C. § 1594(c).[4] Count 2 charged that Coriolant knowingly committed sex

---

[1] R. Doc. No. 121.
[2] R. Doc. No. 130.
[3] *See* R. Doc. No. 53 (superseding indictment); R. Doc. No. 77-1 (verdict form).
[4] R. Doc. No. 53, at 1.

trafficking of R.V. in violation of 18 U.S.C. §§ 1591(a) and 2.[5]  Count 3 charged that Coriolant knowingly coerced and enticed R.V. to travel from Florida to Louisiana to engage in sexual activity that is illegal under Louisiana law in violation of 18 U.S.C. §§ 2422(a) and 2.[6]  Count 4 charged that Coriolant knowingly used facilities and means of interstate commerce to coerce and entice R.V. to engage in sexual activity that is illegal under Louisiana law in violation of 18 U.S.C. §§ 2422(b) and 2.[7]  The indictment also contained notices of forfeiture for sex trafficking of children under 18 U.S.C. § 1594(d), and for coercion and enticement under 18 U.S.C. § 2428.[8]

On February 7, 2013, the Court sentenced Coriolant to a total term of imprisonment of 480 months, consisting of 480 months each as to counts 1, 2, and 4, and 240 months as to count 3, all to be served concurrently.[9]  Coriolant appealed his conviction and sentence, arguing that the Court improperly participated in his plea negotiations.  The Fifth Circuit affirmed the judgment against Coriolant on September 8, 2015.[10]

Coriolant filed the present motion pursuant to 28 U.S.C. § 2255 on December 8, 2016.  The government does not challenge the timeliness of the motion.

## STANDARD OF LAW

Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left

---

[5] *Id.* at 6.
[6] *Id.*
[7] *Id.* at 7.
[8] *Id.* at 7-9.
[9] R. Doc. No. 98, at 2.
[10] R. Doc. No. 118; *United States v. Coriolant*, 624 Fed. Appx. 868 (5th Cir. 2015).

unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

To do so, § 2255 provides a prisoner in federal custody with four grounds upon

which the sentencing court may "vacate, set aside, or correct the sentence": (1) "the

sentence was imposed in violation of the Constitution or laws of the United States;"

(2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence

was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise

subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S.

424, 426-27 (1962).

Pursuant to § 2255, the Court must grant the moving prisoner a hearing to

determine the issues and make findings of fact and conclusions of law unless "the

motion, files, and records of the case conclusively show that the prisoner is entitled

to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The §

2255 proceeding functions as "an independent and collateral inquiry into the

validity of the conviction." *United States v. Hayman*, 342 U.S. 205, 222-23 (1952).

This inquiry does not extend, however, to the misapplication of sentencing

guidelines. *See Williamson*, 183 F.3d at 462.

"The Supreme Court has emphasized repeatedly that a collateral challenge

may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th

Cir. 1991) (internal quotation marks omitted). "[T]he general rule [is] that claims

not raised on direct appeal may not be raised on collateral review unless the

petitioner shows cause and prejudice," *Massaro v. United States*, 538 U.S. 500, 504

(2003), or actual innocence, *Bousley v. United States*, 523 U.S. 614, 622 (1998).

However, the Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see also United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

## DISCUSSION

Coriolant asserts eighteen grounds for relief.[11] As an initial matter, ground 6—which centers on the Court's alleged involvement in the plea negotiations in Coriolant's case[12]—was raised on direct appeal, *see United States v. Coriolant*, 624 Fed. Appx. 868 (5th Cir. 2015), and therefore "should not be considered in a § 2255 motion," *United States v. Sullivan*, 241 Fed. Appx. 217, 219 (5th Cir. 2007) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)). Therefore, the Court will not entertain ground 6.

Coriolant's remaining seventeen grounds take aim at the representation of his trial and appellate counsel, which he claims was constitutionally deficient. Coriolant also raises one substantive claim with respect to the Court's jury charge as to counts 3 and 4 of the superseding indictment.

### A.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the U.S. Supreme Court articulated a two-part test for determining whether one's assistance of counsel was constitutionally deficient. This test requires the petitioner to show both (1)

---

[11] *See* R. Doc. No. 121.
[12] *See* R. Doc. No 121-1, at 28-30.

deficient performance of counsel and (2) resulting prejudice from the deficient performance. *Strickland*, 466 U.S. at 687.

A petitioner can demonstrate deficient performance by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In evaluating a counsel's past performance on his client's behalf, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In other words, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* The Court must take care to avoid casting counsel's every "act or omission" in the "harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002).

*Strickland*'s second prong requires a petitioner to show that counsel's deficient performance prejudiced him. Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome" of the judicial proceeding. *Id.* In the context of trial errors, the petitioner must show that his "counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687. "[T]he mere possibility of a different outcome is not sufficient" to show prejudice. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Rather, "[t]he petitioner must affirmatively *prove*, not just allege, prejudice." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (emphasis added).

The performance of Coriolant's appellate counsel "is evaluated under the same *Strickland* standard as is trial counsel's performance." *United States v. Brumfield*, No. 16-11463, 2016 WL 7385532, at *5 (E.D. La. Dec. 21, 2016) (Africk, J.) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)). In this context, "effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available," but "[r]ather, it means . . . counsel performing in a reasonably effective manner." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). Moreover, as with a court's evaluation of trial counsel's performance, appellate "[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990); *see also Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir. 2004) ("Because the claim . . . is without merit, the claim of ineffective assistance of counsel for not raising the issue on appeal is, likewise, without merit.").

The petitioner must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 697. A court is not required to address *Strickland*'s two prongs in any particular order, and if it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, then "that course should be followed." *Id.*

## B.

Coriolant's seventeen grounds focusing on the representation of his trial and appellate counsel can be sorted into five groups. Seven of the grounds center on particular omissions by Coriolant's trial counsel during the presentation of the

evidence (Group 1).[13]  Two of the grounds center on motions that trial counsel refrained from making before and during trial (Group 2).[14]  Two of the grounds center on trial counsel's approach to the jury instructions (Group 3).[15]  Four of the grounds center on trial counsel's approach to the sentencing phase of the proceedings (Group 4).[16]  Lastly, the final two grounds center on appellate counsel's performance and the cumulative effect of all preceding grounds (Group 5).[17]

The Court will address each group in turn, as well as Coriolant's substantive objection to the Court's jury charge.

### i.

Group 1 focuses on particular omissions by Coriolant's trial counsel during the presentation of the evidence (grounds 1-4, 7, 8, 16):

- Trial counsel's "failure to object to, and otherwise move to strike," Officer Archuleta's testimony concerning the facts that led law enforcement officials to recover R.V.;[18]

- Trial counsel's "failure to object to, and otherwise move to strike," Officer Rohde's testimony concerning the discovery of "child pornography" on a computer seized from R.V.;[19]

---

[13] *See id.* at 5-23, 35-37, 61.
[14] *See id.* at 24-31, 50-51.
[15] *See id.* at 38-49.
[16] *See id.* at 51-60.
[17] *See id.* at 62-64.
[18] *Id.* at 5; *see also id.* at 5-7.
[19] *Id.* at 8; *see also id.* at 8-11.

- Trial counsel's "fail[ure] to move to exclude, object or move to strike" use of the terms "prostitute" and "prostitution" by witnesses during the government's case-in-chief;[20]

- Trial counsel's "fail[ure] to object to" Special Agent Jennifer Terry's testimony about particular words and phrases used in prostitution rings;[21]

- Trial counsel permitting R.V. to use the term "prostitution" during both direct and cross examinations;[22]

- Trial counsel's "failure to object to" Special Agent Terry's voice identification of Coriolant's voice;[23] and

- Trial counsel's "fail[ure] to object to" Detective Derek Stigerts' testimony about "pimp/prostitute culture and relationship [sic]."[24]

The Court concludes that Coriolant has failed to show that any of the grounds in Group 1 satisfy *Strickland*'s first prong. Each of the omissions that Coriolant highlights in these grounds can be explained as a strategic decision by reasonable and competent trial counsel. For example, trial counsel's non-objection to Officer Archuleta's testimony supplying background facts that led to law enforcement's recovery of R.V. can be comfortably explained as a judgment that objecting to the testimony would be unlikely to succeed[25] and/or likely to be viewed

---

[20] *Id.* at 12; *see also id.* at 12-20.

[21] *Id.* at 20; *see also id.* at 20-23.

[22] *Id.* at 35.

[23] *Id.* at 35; *see also id.* at 35-37.

[24] *Id.* at 61

[25] Coriolant objects on hearsay grounds to testimony offered by Officer Archuleta about calls that he received from police dispatch, which alerted him of possible

unfavorably by the jury. Similarly, trial counsel's non-objection to Officer Rohde's testimony about the discovery of pornography featuring R.V. on a computer seized from R.V.;[26] witnesses' uses of the terms "prostitute" or "prostitution";[27] Special Agent Terry's explanations of common terms used in prostitution rings;[28] Detective Stigerts' testimony about the relationships and culture between "pimps" and their

---

prostitution activity at hotels in his patrol area. *See id.* at 5. However, Officer Archuleta's testimony regarding the call from dispatch was admissible "for the purpose of explaining the context of [Officer Archuleta's] actions in responding to the scene." *United States v. Muhammad*, 512 Fed. App'x 154, 163 (3rd Cir. 2013).

[26] Coriolant objects on Rule 403 grounds to testimony about pornographic images featuring R.V. *See* R. Doc. No 121-1, 8-11; Fed. R. Evid. 403 (providing that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice"). Yet evidence about these images was directly relevant to the charges brought against Coriolant in the superseding indictment. *See* R. Doc. No. 53; Fed. R. Evid. 401. The Fifth Circuit has explained that "[r]elevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979) (emphasis in original). In other words, Rule 403 "is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none." *Id.* Given the images' relevance to the charges, Rule 403 would not have barred their admission as evidence.

[27] Coriolant contends that the legal meaning of "prostitution"—and presumably "prostitute"—is different form its meaning in "common vernacular." R. Doc. No. 121-1, at 15. However, given the widely understood meaning of "prostitute" and "prostitution," it is no surprise that the superseding indictment brought against Coriolant, R. Doc. No. 53, used both terms. Moreover, one of the federal statutes under which Coriolant was charged uses the term "prostitution." *See* 18 U.S.C. § 2422(a)-(b). Finally, one of the Louisiana statutes that formed a predicate offense under § 2422(a)-(b) also uses the term "prostitution." *See* La. R.S. § 14:82.1.

[28] *Cf. United States v. Akins*, 746 F.3d 590, 599 (5th Cir. 2014) ("[W]e have not limited drug slang testimony to experts in all cases. Rather, we have recognized that testimony about the meaning of drug code words can be within the proper ambit of a lay witness with extensive involvement in the underlying investigation.")

prostitutes;[29] and Special Agent Terry's identification of Coriolant's voice[30] are all easily explained based on those same considerations. "[Defense counsel] may have concluded that the dangers inherent in objecting," such as "losing the objection or appearing obstructionist to the jury," sufficiently "outweighed the marginal benefit in preventing" the jury from hearing the witness's testimony. *Knox v. Johnson*, 224 F.3d 470, 480 (5th Cir. 2000). "Such a calculation was surely the defense counsel's to make." *Id.*

Moreover, assuming *arguendo* that Coriolant's trial counsel was constitutionally deficient in all of the ways that Coriolant alleges in Group 1—a conclusion, to be clear, that the Court does not reach—the Court concludes that Coriolant has failed to show *Strickland* prejudice. *Cf. Henderson v. Cockrell*, 333

---

[29] In *United States v. Brinson*, 772 F.3d 1314 (10th Cir. 2014), the Tenth Circuit considered a district court's decision to permit Detective Stigerts to testify about the "prostitution trade." *Id.* at 1319. At trial, Detective Stigerts had testified as an expert about "the meaning of certain terms commonly used in the prostitution trade, such as 'the game,' 'finesse pimp,' 'gorilla pimp,' 'escort,' and 'throw-aways'"; "the relationship between pimps and their prostitutes"; "how pimps and prostitutes use cellphones"; "how pimps and prostitutes use the internet, including websites such as Facebook.com and Backpage.com"; "how pimps recruit prostitutes"; and "how pimps control prostitutes." *Id.* The Tenth Circuit concluded that the district court had properly acted within its discretion in permitting such testimony, as it could prove helpful to the jury in assessing the evidence. *Id.* In Coriolant's trial, the Court likewise recognized Detective Stigerts as an expert. *See* R. Doc. No. 107, at 98-99. Detective Stigerts then provided testimony substantially similar to the testimony at issue in *Brinson*. *See id.* at 99-121.

[30] The Federal Rules of Evidence permit voice identification where "[a]n opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—[is] based on hearing the voice at any time under circumstances that connect it with the alleged speaker." Fed. R. Evid. 901(b)(5). In her testimony, Agent Terry explained how she was able to identify Coriolant's voice in phone call recordings documenting calls between Coriolant and R.V. *See* R. Doc. No. 106, at 187-88.

F.3d 592, 603 ("Even assuming that counsel should have objected, and assuming further that the objection would have been sustained, there is not a reasonable probability that the jury would have acquitted [the defendant]."). Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. At Coriolant's trial, however, the government presented "overwhelming evidence of [Coriolant's] guilt." *United States v. Goodley*, 183 Fed. App'x 419, 425 (5th Cir. 2006) (per curiam). That evidence included the testimony of numerous witnesses, both lay and expert; forensic evidence; public records; business records; advertisements; receipts; photographs; recordings; text messages; and other correspondence, among other exhibits.[31]

Coriolant has not demonstrated that any of the grounds in Group 1—grounds 1, 2, 3, 4, 7, 8, or 16—satisfy *Strickland*.

### ii.

Group 2 focuses on motions that trial counsel refrained from making before and during trial (grounds 5, 11):

- Trial counsel's "fail[ure] to move for dismissal of the superseding indictment on grounds of selective prosecution";[32] and

- Trial counsel's "failure" to renew the motion for judgment of acquittal.[33]

---

[31] *See* R. Doc. No. 77-2 (exhibit list); R. Doc. Nos. 106-08, 110 (trial transcripts).
[32] *Id.* at 24; *see also id.* at 24-31.
[33] *Id.* at 50; *see also id.* at 50-51.

The Court concludes that Coriolant has failed to show that his trial counsel's alleged "fail[ure]" to move for dismissal on selective prosecution grounds satisfies either prong of *Strickland*. A selective prosecution claim requires a defendant to first "make a *prima facie* showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not." *United States v. Hoover*, 727 F.2d 387, 389 (5th Cir. 1984) (emphasis in original). Then, a defendant must show "that the government's discriminatory selection of him for prosecution has been invidious or in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *Id.* If a defendant satisfies these requirements, "then the burden shifts to the government to demonstrate a legitimate basis for selecting the defendant for prosecution." *Id.*

Coriolant has not made the necessary *prima facie* showing. Nor has he shown that the government's decision to prosecute him was "invidious or in bad faith." *Id.* In fact, Coriolant has offered no factual allegations that suggest that a claim of selective prosecution would have succeeded. As a motion for dismissal on grounds of selective prosecution would have failed, trial counsel had no reason to raise it. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

The Court likewise concludes that Coriolant has failed to demonstrate that his trial counsel's alleged "failure" to move for a renewed judgment of acquittal satisfies either of *Strickland*'s prongs. To succeed on this ground, Coriolant must demonstrate that "it [wa]s a reasonable probability that had counsel moved for a judgment of acquittal, the motion would have been granted on the basis of insufficiency of evidence." *United States v. Cruz*, 55 Fed. App'x 525, 525 (5th Cir. 2003). However, "viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict"—as the Fifth Circuit has instructed courts to do—the Court determines that "a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *Id.* As previously explained, the trial produced "overwhelming evidence" supporting Coriolant's guilt.

Coriolant has not demonstrated that grounds 5 or 11 satisfy *Strickland*.

### iii.

Group 3 focuses on trial counsel's approach to the jury instructions (grounds 9 and 10):

- Trial counsel's "failure to object" to the Court's jury charge with respect to counts 3 and 4 (and the Court's jury charge itself);[34] and

- Trial counsel's "failure to request" certain jury instructions.[35]

As an initial matter, the Court notes that Coriolant's substantive objection to the jury charge was not raised on direct appeal. As previously explained, "the general rule [is] that claims not raised on direct appeal may not be raised on

---

[34] *Id.* at 38; *see also id.* at 38-42.
[35] *Id.* at 43; *see also id.* at 43-49.

collateral review unless the petitioner shows cause and prejudice," *Massaro*, 538 U.S. at 504, or actual innocence, *Bousley*, 523 U.S. at 622. As "[a]ttorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial," the Court will analyze the jury charge as to counts 3 and 4 through the lens of *Strickland*. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

Count 3 charged Coriolant with a violation of § 2422(a), and count 4 charged Coriolant with a violation of § 2422(b). Section 2422(a) makes it a crime to knowingly entice or coerce, or knowingly attempt to entice or coerce, any person to travel in interstate commerce to engage in prostitution or in sexual activity "for which any person can be charged with a criminal offense." Section 2422(b) makes it a crime to use a means or facility of interstate commerce—*e.g.*, a bus, telephone, computer, the Internet—to knowingly entice or coerce, or knowingly attempt to entice or coerce, a minor to engage in prostitution or in sexual activity "for which any person can be charged with a criminal offense." Thus both subsections of § 2422 include the phrase "can be charged."

With regards to the jury charge on these two counts, the Court unsurprisingly adopted the statute's own language: the Court used "can be charged" and the derivative "could have been charged" to describe the legal status of the sexual activity referenced in § 2422(a)-(b):

> For you to find the defendant guilty of the offense charged in Count 3 of the Superseding Indictment [(violation of 18 U.S.C. § 2422(a))], you must be convinced that the government has proved each of the following beyond a reasonable doubt: First, the defendant knowingly

persuaded, induced, enticed or coerced RV to travel in Interstate commerce, namely, from the State of Florida to the State of Louisiana; and second, at the time the travel commenced, the defendant intended that RV would engage in prostitution or that she would engage in sexual activity for which a person *can be charged* with a criminal offense under the laws of Louisiana.[36]

. . .

The government must prove that if that the intended sexual activity had occurred or did occur, one or more of the individuals engaging in the sexual activity *could have been charged* with a criminal offense under the laws of the State of Louisiana.[37]

. . .

For you to find the defendant guilty of the offense charged in Count 4 of the Superseding Indictment [(violation of 18 U.S.C. § 2422(b))], you must be convinced that the government has proved each of the following beyond a reasonable doubt: First, the defendant knowingly persuaded, induced, enticed or coerced RV to engage in sexual activity as charged; second, the defendant used facilities and means of Interstate commerce, that is, a commercial bus, telephone, computer and/or the Internet as alleged in the Superseding Indictment; third, when the defendant did these acts, the defendant knew that RV was less than 18 years old; and fourth, one or more of the individuals engaging in the sexual activity *could have been charged* with a criminal offense under the laws of Louisiana.[38]

Coriolant contends that the Court's use of the phrases "can be charged" and "could have been charged" in the jury charge "allowed him to be convicted on less than proof beyond a reasonable doubt."[39]   To explain his point, Coriolant quotes from *United States v. Mannava*, 565 F.3d 412 (7th Cir. 2009), in which Judge Posner discusses the potential ambiguity with the phrase "can be charged" as used

---

[36] R. Doc. No. 108, at 29 (emphasis added).
[37] *Id.* at 30-31 (emphasis added).
[38] *Id.* at 34 (emphasis added).
[39] R. Doc. No. 121-1, at 40 (emphasis in original).

in § 2422(b): "read literally, [the phrase "can be charged"] would make it a federal offense to engage in conduct that created only probable cause to think that one had committed a criminal offense, since probable cause is all that is required to charge someone with an offense." *Mannava*, 565 F.3d at 416.

The Court understands Coriolant to argue that the phrases "can be charged" and "could have been charged" may have suggested to the jury that Coriolant could be convicted if the jury merely concluded that the sexual activity in which Coriolant enticed (or attempted to entice) R.V. to engage was (or would have been) sufficient to *charge* R.V. with a criminal offense—*i.e.*, that the sexual activity amounted to *probable cause* of a violation of the predicate Louisiana statute. However, Coriolant argues that a jury was required to conclude that the sexual activity actually *constituted* (or would have constituted) a criminal offense—*i.e.*, that the sexual actually would have violated the predicate Louisiana laws *beyond a reasonable doubt*. As such, Coriolant contends that the Court should have used the phrase "committed a criminal offense," rather than "can be charged with a criminal offense" or "could have been charged with a criminal offense."[40]

The Court rejects Coriolant's objection, which focuses narrowly on select phrases without taking into consideration the jury charge as a whole. When instructing Coriolant's jury as to § 2422(a), the Court adopted verbatim a paragraph from the Eleventh Circuit pattern jury instruction for § 2442(a). (A pattern jury

---

[40] *Id.* at 41.

instruction for the Fifth Circuit did not exist at the time.) The paragraph clarified what the Government had to prove beyond a reasonable doubt:

> It is not necessary for the government to prove anyone actually engaged in the prostitution or other illegal sexual activity after traveling across state lines. What the government must prove *beyond a reasonable doubt* is that a person was persuaded, induced, enticed or coerced to travel across state lines by the defendant, and that the defendant intended at the time for the person to engage in prostitution or other *illegal sexual activity*, even if the person who traveled did not have the same intention to engage in such activity.[41]

In other words, the Government had to prove beyond a reasonable doubt that the sexual activity was (or would have been) "illegal"—*i.e.*, that the sexual activity in fact *constitutes* a criminal offense. This paragraph therefore addressed Coriolant's concern that the jury may have found him guilty based only on probable cause that the sexual activity was a criminal offense, and cleared up any potential ambiguity with respect to the Court's use of "can be charged" and "could have been charged" in its § 2422(a) jury instructions.

The Court likewise provided clarifying language with respect to § 2422(b), quoting verbatim language that was explicitly endorsed by the Fifth Circuit in *United States v. Lundy*, 676 F.3d 444, 450-51 (5th Cir. 2012):

> It is not necessary for the government to prove that the individual was actually persuaded, induced, enticed or coerced to engage in sexual activity; but it is necessary for the government to prove that the defendant attempted to persuade, induce, entice or coerce a minor to engage in some form of *unlawful sexual activity* and that the defendant

---

[41] R. Doc. No. 108, at 30 (emphasis added); *see also* R. Doc. No. 77-3, at 36 (quoting Eleventh Circuit Pattern Jury Instructions (Criminal) § 92.1 (2010)).

> knowingly and willfully took some action that was a substantial step
> toward bringing about or engaging in that sexual activity.[42]

The Fifth Circuit in *Lundy* noted that this language "clearly lays out what the government must prove and is an accurate reflection of the relevant case law." *Lundy*, 676 F.3d at 451.

As with the Court's instructions regarding § 2422(a), the Court's § 2422(b) instructions as a whole cleared up any potential confusion with the Court's use of the phrase "could have been charged."  The Court clarified that the government had to prove beyond a reasonable doubt that the sexual activity was (or would have been) "unlawful"—*i.e.*, that it constituted a criminal offense.  Coriolant's concern that the jury may have found him guilty based only on probable cause that the sexual activity was a criminal offense was addressed.

The Court thus concludes that the jury charge as to counts 3 and 4 was proper.  As such, Coriolant has failed to satisfy *Strickland*'s first prong, namely that his trial counsel was objectively unreasonable in not objecting to this aspect of the jury charge.  *See United States v. Edwards*, 280 Fed. App'x 409, 421 (5th Cir. 2008) (per curiam) ("[Defendant's] trial counsel did not perform deficiently by failing to object to the district court's jury instructions because . . . they were not improper.").

Moreover, the Court concludes that Coriolant was not prejudiced by the Court's use of the phrases alleged to be ambiguous, as the instructions as a whole clarified for the jury what the Government was required to prove beyond a

---

[42] R. Doc. No. 108, at 35-36 (quoting *United States v. Lundy*, 676 F.3d 444, 450-51 (5th Cir. 2012)) (emphasis added).

reasonable doubt.[43]   Therefore, even if Coriolant had satisfied *Strickland*'s first prong—which he did not—Coriolant cannot satisfy *Strickland*'s second prong.

Coriolant's contention that his trial counsel should have requested an alternative instruction regarding the jury's ability to draw inferences from the evidence also lacks merit.   Coriolant—without citing legal support or providing explanation—insists that his trial counsel should have asked for the following instruction: "To convict the defendant under this section the inferences reasonably to be drawn from the evidence must not only be consistent with his guilt but inconsistent with every reasonable hypothesis of his innocence."[44]   Coriolant misstates the law: the Fifth Circuit has explicitly stated that "[t]he evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence."  *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).  As such, Coriolant's trial counsel was objectively reasonable in not asking for such an instruction.

Coriolant also contends that his trial counsel should have objected to the Court's instruction on the timing element of § 2422(a)'s *mens rea* requirement.  The Court instructed the jury that it "must be convinced that the government has proved . . . beyond a reasonable doubt . . . [that] *at the time* the travel [from Florida

---

[43] The Court also points out that it sentenced Coriolant to a *total* term of imprisonment of 480 months, consisting of 480 months *each* as to counts 1, 2, and 4, and 240 months as to count 3, all to be served *concurrently*.  Due to the concurrent nature of the sentences, Coriolant would serve the same term of imprisonment even if his convictions on counts 3 and 4 were vacated.
[44] R. Doc. No. 121-1, at 48.

to Louisiana] commenced, the defendant *intended* that R.V. would engage in prostitution or that she would engage in sexual activity for which a person can be charged with a criminal offense under the laws of Louisiana."[45]  The Court based its instruction on the Eleventh Circuit pattern jury instruction.[46]  (As previously mentioned, no Fifth Circuit pattern jury instruction existed at the time.)

Coriolant contents that his trial counsel should have offered the following alternative instruction:

> An intention that the [alleged victim] shall engage in the conduct outlawed must be found to exist before the conclusion of the interstate journey and must be the dominant motive of such interstate movement.  And the transportation must be designed to bring about such result.  Without that necessary intention and motivation, immoral conduct during or following that journey is insufficient to subject the [defendant] to the penalties of the [Mann] Act.[47]

The Court concludes that its instruction effectively incorporates Coriolant's concern with respect to the timing element of the *mens rea* requirement.  Moreover, the court points out that Coriolant's proposed alternative misrepresents the law in the Fifth Circuit with respect to § 2422(a)'s motive requirement:

> [I]t is not necessary to a conviction under [§ 2422(a)] that the sole and single purpose of the transportation of a female in interstate commerce was such immoral practices.  It is enough that one of the dominant purposes was [criminal sexual activity].  It suffices if one of the efficient and compelling purposes in the mind of the accused in the particular transportation was illicit conduct of that kind.  The illicit purpose denounced by [§ 2422(a)] may have coexisted with other

---

[45] R. Doc. No. 108, at 29 (emphasis added); R. Doc. No. 77-3, at 35-36.

[46] *See* R. Doc. No. 77-3, at 35-36 (quoting Eleventh Circuit Pattern Jury Instruction (Criminal) § 92.1 (2010)).

[47] R. Doc. No. 121-1, at 48 (alterations in original).  Coriolant bases the instruction on language from *United States v. McConney*, 329 F.2d 467, 469 (2d Cir. 1964), which was construing the requirements of 18 U.S.C. § 2421.

> purpose or purposes, but it must have been an efficient and compelling purpose.

*United States v. Bennett*, 258 Fed. App'x 671 (5th Cir. 2007) (quoting *United States v. Campbell*, 49 F.3d 1079, 1082-83 (5th Cir. 1995)) (some alterations in original).

The comments to the Eleventh Circuit pattern jury instructions used by the Court likewise explain that "to meet the intent requirement, the Government must prove that *one* of the defendant's motives was for the traveler to do so, even if the traveler did not know of the plan or intend to engage in such activity."[48] The Court concludes that Coriolant's trial counsel was objectively reasonable in both not objecting to the Court's instruction regarding § 2422(a)'s timing element and not offering Coriolant's proposed alternative.

Further, assuming *arguendo* that Coriolant's trial counsel had objected to the Court's instructions and the Court had given the instructions now suggested by Coriolant,[49] Coriolant "has not shown that there was a reasonable probability that the outcome of his trial would have been different" than the outcome that in fact occurred, and he therefore fails the second prong of *Strickland*. *United States v. Edwards*, 280 Fed. App'x 409, 421 (5th Cir. 2008) (per curiam). "The petitioner must affirmatively prove, not just allege, prejudice." *Day*, 566 F.3d at 536. Based on the volume and content of the evidence produced against Coriolant at trial, there is not a reasonable probability that Coriolant's proposed changes to the jury instructions would have impacted the result of the proceedings.

---

[48] Eleventh Circuit Pattern Jury Instruction (Criminal) § 92.1 cmts. (2010) (emphasis added).

[49] *See id.* at 38-49.

Coriolant has not shown that grounds 9 or 10 satisfy *Strickland*.

**iv.**

Group 4 focuses on trial counsel's approach to the sentencing phase of the proceedings (grounds 12-15):

- Trial counsel's "failure to object to application of the vulnerable victim enhancement" at the sentencing phase;[50]

- Trial counsel's "failure to object to application of the use of computer enhancement" at the sentencing phase;[51]

- Trial counsel's "failure to contest" the evidence supporting the obstruction-of-justice enhancement at the sentencing phase;[52] and

- Trial counsel's "failure to object" to the Court's method of grouping the four counts at the sentencing phase.[53]

At the sentencing phase, objectively reasonable trial counsel "is required to research facts and law and raise meritorious arguments based on controlling precedent," but trial counsel "need not anticipate changes in the law or raise meritless objections." *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009). A petitioner seeking to prove prejudice in sentencing due to constitutionally deficient counsel must show a reasonable probability that he would have received a lesser sentence but for his counsel's deficiency. *See United States v. Grammas*, 376 F.3d

---

[50] *Id.* at 51; *see also id.* at 51-52.
[51] *Id.* at 53; *see also id.* at 53-55.
[52] *Id.* at 56; *see also id.* at 56-59.
[53] *Id.* at 60.

433, 437-38 (5th Cir. 2004). The Court concludes that Coriolant has failed to show that any of the grounds in Group 4 pass either prong of *Strickland*.

Coriolant's first two grounds concern the application of the vulnerable victim enhancement and the "use of a computer" enhancement to his offense level. The vulnerable victim enhancement is applicable where "the defendant knew or should have known that a victim of the offense was a vulnerable victim."[54] The U.S. Sentencing Guidelines define "vulnerable victim" as "a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under [Guidelines § 1B1.3] (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."[55] Considering R.V.'s minor status, and Coriolant's physical and emotional manipulation of R.V. as he positioned her for a life of prostitution for his own financial gain—all of which the Court considered at sentencing[56]—application of the vulnerable victim enhancement was appropriate, and trial counsel's objection to it would have failed. Coriolant's trial counsel was therefore reasonable in not raising it. *See Kimler*, 167 F.3d at 893.

The "use of a computer" enhancement is applicable where "the offense involved the use of a computer or an interactive computer service" either to "persuade, induce, entice, coerce, or facilitate the travel of, [a] minor to engage in prohibited sexual conduct," or to "entice, encourage, offer, or solicit a person to

---

[54] United States Sentencing Guidelines, § 3A1.1(b)(1) (Nov. 2012).
[55] *Id.* at 335.
[56] *See* R. Doc. No. 112, at 35-36.

engage in prohibited sexual conduct with the minor."[57] Coriolant contends that the enhancement is not applicable to him because "the government presented no evidence that [he] ever used a computer or interactive computer service" in any of the ways required under the Sentencing Guidelines.[58] Yet the "plain language of the Guideline" does not require Coriolant be the one personally using the computer. *United States v. Pringler*, 765 F.3d 445, 455 (5th Cir. 2014). Evidence at trial demonstrated that Coriolant participated in *R.V.'s* use of computers to further *Coriolant's* prostitution scheme.[59] As such, Coriolant's objection to the enhancement lacks merit. *See id.* at 451-56. Trial counsel acted reasonably in not raising an objection to it, which would have been overruled by the Court.

The final two grounds that Coriolant raises with respect to his trial counsel's representation at sentencing—that his trial counsel "fail[ed] to contest" the reliability of the evidence underlying the obstruction of justice enhancement and "fail[ed] to object" to the Court's grouping of the counts—are also unsuccessful. Coriolant's trial counsel objected to the obstruction of justice enhancement, arguing that such a finding was not supported by the evidence and—despite Coriolant's contention to the contrary—that the evidence on which the finding was based was unreliable.[60] The Court considered the objection and rejected it.[61]

---

[57] United States Sentencing Guidelines, § 2G1.3(b)(3) (Nov. 2012).
[58] R. Doc. No. 121-1, at 53.
[59] *See, e.g.*, R. Doc. No. 106, at 231-32, 235-39.
[60] *See* R. Doc. No. 112, at 6-7; *id.* at 7 (pointing out Coriolant's objection to the reliability of the evidence of Facebook messaging).
[61] *See id.* at 6-10.

With regards to the Court's grouping of the counts, the Court divided the counts into two separate groups: a group with counts 1 through 3, and a group with count 4 only.[62]   In the process, the Court explained its reasoning and cited to applicable portions of the Sentencing Guidelines.[63]   Against this background, Coriolant's bare contention that his trial counsel should have objected to the Court's grouping simply does not "show that [his] counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

Moreover, assuming *arguendo* that Coriolant's trial counsel had made these various objections at sentencing—and trial counsel did in fact object to the obstruction of justice enhancement—Coriolant has not shown a reasonable probability that his sentence would have been lower.  In fact, the Court's method of grouping lowered his offense level from the PSR's calculation of 47 to the Court's calculation of 44.[64]   However, with his criminal history category, Coriolant's guideline range was still life.[65]   Coriolant has therefore not demonstrated that grounds 12, 13, 14, or 15 satisfy either prong of *Strickland*.

**v.**

Lastly, Group 5—grounds 17 and 18—focus on his appellate counsel's representation and the cumulative effect on Coriolant of all other grounds.   In ground 17, Coriolant alleges that his appellate counsel's performance was constitutionally deficient because appellate counsel "fail[ed] to argue, singularly or

---

[62] *See id.* at 19.
[63] *See id.* at 19-20.
[64] *Id.* at 20.
[65] *Id.*

individually, or in any combination," all other grounds raised by Coriolant.[66]   In ground 18, Coriolant raises a straightforward cumulative error argument.[67]

Coriolant has not shown that the representation of his trial counsel was constitutionally deficient.  More to the point—and as previously explained by the Court—none of the underlying objections to his trial and sentencing that Coriolant now raises seem to have merit.  Perhaps appellate counsel reasoned that these claims would not succeed on direct appeal and so "quite wisely chose to focus his efforts on the issue that presented the best chance for an appellate reversal at the time the appeal was filed." *Brumfield*, 2016 WL 7385532, at *5.  Even if a particular claim is not facially meritless, "[t]he Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).  After all, "[a] concise brief that raises only the client's best arguments generally serves that client's interests far more than a brief that shotguns every conceivable challenge." *Brumfield*, 2016 WL 7385532, at *5; *cf. Ellis*, 873 F.2d at 840 ("Here it appears that appellate counsel chose to concentrate on the six strongest points of error on appeal; that is a reasonable tactic.").  Coriolant has not met his burden of showing that his appellate counsel's choice to narrow the issues on direct appeal—especially given that the issues Coriolant now alleges his appellate counsel should have raised seem unlikely to have been successful—was objectively unreasonable in light of the trial record.

---

[66] *Id.* at 62; *see also id.* at 62-63.
[67] *See id.* at 63-64.

Finally, ground 18 is likewise unsuccessful. Where "no error occurred," there is "nothing to cumulate." *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). After all, "[t]wenty times zero equals zero." *Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987). Coriolant has not satisfied the first prong of *Strickland* on any of the preceding grounds; there is simply "nothing to cumulate." *Yohey*, 985 F.2d at 222. Moreover, the Fifth Circuit has cautioned that "[u]nder the cumulative error doctrine, relief may be obtained only when constitutional errors so fatally infect the trial that they violate the trial's fundamental fairness." *United States v. Stephens*, 571 F.3d 401, 412 (5th Cir. 2009) (internal quotation marks omitted). Here, where Coriolant faced "overwhelming evidence of [his] guilt," *Goodley*, 183 Fed. App'x at 425, any constitutional errors did not rise to the level of "fatally infect[ing] the trial," *Stephens*, 571 F.3d at 412.

Coriolant has failed to show that grounds 17 or 18 satisfy *Strickland*.

## CONCLUSION

An evidentiary hearing is required on Coriolant's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For the foregoing reasons, the motion, files, and record of the case conclusively show that Coriolant is not entitled to relief. *See Bartholomew*, 974 F.2d at 41. Accordingly,

**IT IS ORDERED** that Coriolant's motion pursuant to 28 U.S.C. § 2255 is **DENIED** and his post-conviction application is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 10, 2017.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**